UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD HARRIS,

       Plaintiff,

v.                                Case No. 3:22-cv-667-BJD-LLL

RICKY DIXON, et al.,

       Defendants.
_____

## ORDER

    1.    Plaintiff has filed a civil rights complaint against the Secretary of the Florida Department of Corrections (FDOC), the Warden and Assistant Warden of Suwannee Correctional Institution (SCI), and various SCI staff, including corrections officers (Doc. 1; Compl.). However, Plaintiff did not use the Court-approved form for cases filed by inmates under 42 U.S.C. § 1983. See M.D. Fla. R. 6.04(a) ("A pro se person in custody must use the standard form[.]"). The Court requires inmates to use the Court's form so that it can more efficiently screen new cases and determine, among other things, whether the complaint is related to other cases or whether the inmate exhausted his administrative remedies with respect to each claim. Accordingly, if Plaintiff wants to proceed, he must file an amended complaint by **July 25, 2022**, using the attached form. This case number should be affixed to the civil rights

complaint form, and the words "Amended Complaint" should be written at the top of the form.

If Plaintiff chooses to amend his complaint, he should keep in mind the following: (1) a prison official who holds a supervisory position (such as a warden or the Secretary of the FDOC) may not be held liable under § 1983 simply because a correctional institution staff member violated an inmate's constitutional rights; (2) an inmate has no constitutionally protected interest in a prison grievance procedure; (3) a prison official's negligent or intentional deprivation of an inmate's personal property does not constitute a due process violation when the inmate has a meaningful post-deprivation remedy available; (4) an amended complaint must contain all claims and allegations an inmate wishes to raise and should not refer back to the original complaint multiple; and (5) multiple, unrelated claims may not be joined in one civil rights complaint but instead should be pursued in separate actions.

2. With his complaint, Plaintiff filed a motion "for a temporary restraining order and preliminary injunction" (Doc. 2; Pl. Mot.) and a proposed order to show cause (Doc. 2-1). In his motion, Plaintiff contends he "has been subject to a campaign of harassment . . . in retaliation [for] plaintiff being a

witness in Federal Litigation." Pl. Mot. at 1.[1] As one example, Plaintiff alleges in both his complaint and his motion that Defendant Lindblade threatened to "sodomize him with his [own] walking cane."[2] Compl. at 7-8; Pl. Mot. at 1. He asks the Court to enter an order "to ensure his safety and stop all retaliatory actions by [FDOC] staff." Pl. Mot. at 1.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs

---

[1] The federal litigation to which Plaintiff is referring is a civil rights action he initiated in the Fort Meyers Division based on conduct that occurred at Charlotte Correctional Institution. See Case No. 2:21-cv-646-SPC-NPM.

[2] In light of Plaintiff's assertions, in an abundance of caution, the Clerk of Court sent a copy of Plaintiff's filings (Docs. 1, 2) and the Court's Amended Standing Order (Doc. 5) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Plaintiff's institution. Notably, Plaintiff recently filed a motion with similar allegations in the case pending in Fort Meyers. He alleged he had been the victim of "[a]n open campaign of harassment" and specifically referenced Defendant Lindblade's threat. See Case No. 2:21-cv-646-SPC-NPM (Doc. 46). On June 16, 2022, the Fort Meyers Division issued a "standing order" to notify officials at Plaintiff's correctional institution that he made allegations "of suicide, danger of death, or imminent serious physical harm." Id. (Doc. 50).

3

> the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F.3d at 1176.

Plaintiff fails to demonstrate he is entitled to the extraordinary and drastic remedy of injunctive relief. First, Plaintiff's self-serving allegations do not demonstrate he is likely to succeed on the merits of the claims he attempts to raise in his complaint. As alluded to above, some of the claims Plaintiff attempts to pursue are not cognizable under § 1983, are not sufficiently alleged, or may not have been exhausted.[3] Even if Plaintiff's allegation that Defendant Lindblade threatened to physically abuse him if he were to continue filing grievances were sufficient to state a plausible claim against Defendant Lindblade, such an unsubstantiated allegation is not enough to demonstrate entitlement to injunctive relief. See S. Wine & Spirits of Am., Inc. v. Simpkins,

---

[3] Plaintiff suggests the administrative grievance procedure was unavailable to him with respect to the excessive force claim against Defendant Lindblade, see Compl. at 8, but he makes no reference to his efforts to exhaust his other claims against other Defendants. "A prisoner must exhaust each claim that he seeks to present in court." Arias v. Perez, 758 F. App'x 878, 881 (11th Cir. 2019) (citing Jones v. Bock, 549 U.S. 199, 219-20 (2007)).

4

No. 10-21136-Civ, 2011 WL 124631, at *2 (S.D. Fla. Jan. 14, 2011) ("A substantial likelihood of success on the merits is shown if good reasons for anticipating that result are demonstrated. It is not enough that a merely colorable claim is advanced.").

Second, Plaintiff's assertion that he has been harmed in the past and has been threatened with future harm does not satisfy the "irreparable injury" requirement. Siegel, 234 F.3d at 1176. Finally, the relief Plaintiff seeks—essentially, a directive to prison officials not to violate Plaintiff's constitutional rights—does not satisfy Rule 65's specificity requirement. See Fed. R. Civ. P. 65(d)(1) (requiring an order granting injunctive relief to "state its terms specifically and describe in reasonable detail . . . the act or acts restrained or required" (internal punctuation and numbering omitted)). See also Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding the district court "correctly determined that an injunction ordering the City not to discriminate in [the] future . . . would not satisfy the specificity requirements of the Federal Rules of Civil Procedure").

Accordingly, Plaintiff's motion for injunctive relief (Doc. 2) is **DENIED**.

3. The **Clerk** shall send Plaintiff a blank civil rights complaint form.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of June 2022.

                                                BRIAN J. DAVIS
                                         United States District Judge

Jax6
c:
Richard Harris, #L24755