United States District Court
Middle District of Florida
Jacksonville Division

**RICHARD HARRIS,**

    **Plaintiff,**

v.                                              **NO. 3:22-cv-667-BJD-LLL**

**RICKY DIXON, ET AL.,**

    **Defendants.**
_____

### Order

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se complaint for the violation of civil rights, doc. 1, a motion for temporary restraining order and preliminary injunction, doc. 2, a motion to proceed as a pauper, doc. 3, and a motion for appointment of counsel, doc. 4. The Court denied plaintiff's motions for injunctive relief and for counsel but granted his request to proceed as a pauper. *See* orders, docs. 7, 8. Additionally, the Court directed plaintiff to amend his complaint, advising him, among other things, that he should not join multiple, unrelated claims in one civil rights complaint. *See* order, doc. 7.

Before the Court for initial screening is plaintiff's amended complaint, doc. 15. In his amended complaint, plaintiff names eleven Defendants: Ricky Dixon, the Secretary of the Florida Department of Corrections (FDOC); Warden Lane, the warden of Suwannee Correctional Institution (SCI); Assistant Warden Goodwin;

Classification Supervisor M. Glass; Grievance Officer M. Stofel; Sergeant R.E. Lindblade; Sergeant A. McDonald; Sergeant S. Richardson; Officer Foster; Ms. Mitchell, a librarian; and Centurion, a medical company under contract with the FDOC to provide medical services for inmates.

Plaintiff asserts claims under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution based on incidents that occurred at different times and involving different prison officials. *Id.* at 7-9.[1] First, he alleges Defendant Richardson confiscated his personal belongings, including medications when he was placed in a confinement cell. *Id.* at 9. Two days later, plaintiff experienced severe chest pains, allegedly caused by not taking his medications. *Id.* Plaintiff alleges Defendant Richardson falsified records to conceal that she withheld his medications. *Id.* at 9-10. Plaintiff contends Defendant Richardson's conduct violated not only his Eighth Amendment rights but also his First Amendment rights because plaintiff believes Defendant Richardson was retaliating against him for accessing the prison grievance procedure and for filing a lawsuit against other FDOC staff. *Id.* at 8-9.

Plaintiff also alleges Defendants Dixon, Lane, and Stofel retaliated against him by ignoring or failing to act on his grievances in which he complained about staff "falsifying . . . documents [or] manipulati[ng] [the] grievance process." *Id.* at 4, 8, 10, 13.

---

[1] The page numbers used by the Court are those assigned when the document was electronically filed through the CM/ECF system.

2

And plaintiff alleges Defendant Glass retaliated against him by ignoring or denying his grievances without providing the information requested—the names of officers plaintiff was attempting to sue in a different civil rights case he has pending. *Id.* at 8, 10.

Plaintiff further alleges Defendant Foster was deliberately indifferent to his medical emergency on April 16, 2022, in violation of the Eighth Amendment. *Id.* at 8, 11. Plaintiff contends he had a seizure after he returned to his confinement unit. *Id.* Plaintiff claims Defendant Foster retaliated against him because he is a "jailhouse lawyer." *Id.* Relatedly, plaintiff alleges Defendants Foster and Goodwin falsified documents to "cover up" Foster's "unconstitutional actions," which he believes amounts to deliberate indifference in violation of the Eighth Amendment. *Id.* at 7, 11-12.

Next, plaintiff alleges Defendant Lindblade, in September 2021 and in April 2022, threatened him for filing grievances and lawsuits, which constitutes a First Amendment violation. *Id.* at 7, 11. On May 12, 2022, Defendant Lindblade allegedly "carr[ied] out his previous threats of physical abuse," and choked plaintiff after escorting him to a confinement cell. *Id.* at 12. Plaintiff contends Defendant McDonald participated in the assault by "smash[ing] his legs into [a] metal bench" while plaintiff was sitting in a wheelchair. *Id.* Plaintiff says he began experiencing chest pains the following day, and his knee was swollen. *Id.* He maintains Defendants Lindblade's and McDonald's alleged assault constitutes cruel and unusual punishment in violation

of the Eighth Amendment. *Id.* at 7. Plaintiff further alleges Defendant Lindblade violated his First Amendment rights by threatening to sexually assault plaintiff if he continued to file grievances. *Id.* at 7-8. Plaintiff asserts Defendant Mitchell, a librarian, is the one who told Defendant Lindblade about plaintiff's lawsuits against prison staff. *Id.* at 12-13. Plaintiff says he "observed [D]efendant Mitchell reading his legal documents" on three occasions, the most recent of which was days before Defendant Lindblade assaulted him. *Id.* at 13. Plaintiff asserts a First Amendment retaliation claim against Defendant Mitchell based on her "refusal to provide [him] access to legal material" for filing grievances and lawsuits. *Id.* at 8. Plaintiff also asserts a Fourteenth Amendment due process claim against Defendant Mitchell for denying him paper and envelopes. *Id.*

Finally, plaintiff alleges unnamed Centurion employees have demonstrated deliberate indifference to his serious medical needs because he submitted multiple sick-call requests starting on June 22, 2022, apparently for the injuries he sustained during the June 12, 2022 incident, but he still has not seen a doctor. *Id.* at 9, 13. He also contends Centurion employees have falsified documentation. *Id.* He seeks to pursue an Eighth Amendment claim against Centurion. *Id.* at 9.

Upon review of the amended complaint, the Court finds plaintiff has not set forth his claims sufficiently. Despite the Court's previous instructions to plaintiff, *see* doc. 7, plaintiff continues to join multiple, unrelated claims in one complaint. A plaintiff may set forth only related claims in one civil rights complaint. He may not

join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (quoting *Republic Health Corp. v. Lifemark Hosps. of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).

Plaintiff attempts to proceed on claims against different individuals based on incidents that appear to have no logical connection to one another. Plaintiff's conclusory assertion that multiple prison officials were motivated to treat him badly because he filed grievances and lawsuits is not enough to demonstrate that the different incidents of which he complains are logically related to one another. If plaintiff wants to proceed, he may do so on only one claim or related claims. Based on the injuries plaintiff reports having sustained, *see* doc. 15 at 14, it appears his primary claim is one for excessive force against Defendants Lindblade and McDonald, arising out of the May 12, 2022 incident. If plaintiff chooses to proceed on that claim, he must omit all unrelated claims and instead may pursue any other cognizable claim in a separate civil rights action. If plaintiff wants to pursue a related retaliation claim against Defendant Lindblade based on the May 12, 2022 incident, he should know that to state an actionable claim for retaliation, a plaintiff must allege:

5

> (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action . . . and the protected speech [the grievance].

*O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (first and third alterations in original). Conclusory allegations of a causal connection will not suffice. More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983 because, "[e]ven under the so-called notice rules of pleading, a complaint must . . . [provide] sufficient detail . . . so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *See L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam) (citing *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)).

If plaintiff wants to pursue claims other than those against Defendants Lindblade and McDonald arising out of the May 12, 2022 incident, he should keep in mind the following. To state a claim under § 1983, a plaintiff must allege the conduct complained of was committed by a person acting under color of state law, and the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Liability under § 1983 may not be premised on a theory of vicarious liability. In other words, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir.

2010). *See also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior."). To proceed against a supervisor or municipality, including a private healthcare company, a plaintiff must identify a policy or custom that was the moving force behind a constitutional violation. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011). Mere conclusory allegations of a policy or custom will not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Similarly, simply failing to respond to or denying a grievance does not, in and of itself, make a prison official liable for an alleged constitutional violation "brought to light by the grievance." *See Jones v. Eckloff*, No. 2:12-cv-375-FTM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)). Moreover, inmates have "no constitutionally protected liberty interest in access to the prison's grievance procedure[; therefore, a plaintiff] cannot base a § 1983 claim on [a defendant's] response to his grievances." *Moore v. McLaughlin*, 569 F. App'x 656, 659 (11th Cir. 2014) (citing *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011); *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)); *see also Mathews v. Moss*, 506 F. App'x 981, 984 (11th Cir. 2013) (finding the plaintiff failed to state a claim because he merely "alleged that his prison grievances were either ignored

or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures").

The Federal Rules of Civil Procedure require a plaintiff to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). All averments of the claim should be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To survive dismissal, a complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." *Iqbal*, 556 U.S. at 678. The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Though a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted). He should provide enough detail to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original).

If plaintiff wants to proceed, he must file a second amended complaint in compliance with these federal pleading standards and the instructions that follow.

1. The amended complaint must be marked, "Second Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3. The amended complaint must state the full names of each defendant (to the extent plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[2]

7. In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured plaintiff.

8. In section VI, "Relief," there must be a statement of what plaintiff seeks through this action.[3]

9. In section VII, "Exhaustion," plaintiff must explain the steps he took to exhaust each claim.[4]

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for

---

[2] Plaintiff may attach additional pages, if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

[3] Plaintiff is advised that Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)).

[4] "A prisoner must exhaust each claim that he seeks to present in court." *Arias v. Perez*, 758 F. App'x 878, 881 (11th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 219-20 (2007)).

>extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, plaintiff's second amended complaint must be complete, including all related claims he wishes to raise, and must not refer to his original or amended complaints.

It is **ordered**:

1. The **Clerk** shall send plaintiff a Civil Rights Complaint form.

2. By **October 12, 2022**, plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions on the form and those provided in this order.

  3. Plaintiff's failure to comply with this order may result in the dismissal of this case.

  **Ordered** in Jacksonville, Florida, on September 12th, 2022.

                  LAURA LOTHMAN LAMBERT
                  United States Magistrate Judge

c:
Richard Harris, pro se
L24755
Suwannee Correctional Institution Annex
5694 U.S. Highway 90
Live Oak, Florida 32060