UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD HARRIS,

        Plaintiff,

v.                                      Case No. 3:22-cv-667-BJD-LLL

RICKY DIXON, et al.,

        Defendants.

_____

## ORDER

      Before the Court are Plaintiff's motion for emergency protection (Doc. 30) and Plaintiff's motion for temporary restraining order and injunction (Doc. 31). Plaintiff contends staff at his correctional institution have escalated their abuse "from verbal threats to physical assault" in apparent retaliation for Plaintiff filing lawsuits in this Court and in the Fort Meyers Division or for serving as a "witness in federal litigation."[1] Doc. 30 at 1-2; Doc. 31 at 1. Plaintiff alleges an officer sprayed him with chemical agents on December 26, 2022, telling him, "If you don't stop with the lawsuits you'll never make it home." Doc. 30 at 1; Doc. 31 at 1. Another officer then choked him. Doc. 31 at 1. He says all his personal property, including his legal materials, have been taken

---

[1] Although unclear, it appears the "federal litigation" for which Plaintiff is referring to himself as a "witness" are the civil rights actions he initiated.

"to further discourage and hinder [his] litigation against [Florida Department of Corrections] staff." *See* Doc. 31 at 2. As relief, Plaintiff seeks an order (1) directing officers to stop assaulting/threatening him and confiscating his legal mail; and (2) directing that he be transferred to another prison. Doc. 31 at 2.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176.

Plaintiff's motion for injunctive relief (Doc. 31) is facially insufficient. For one thing, he has not complied with this Court's Local Rules, which require that a motion for injunctive relief be supported by a verified complaint or

affidavits showing the movant is threatened with irreparable injury, describe precisely the conduct sought to be enjoined, and include a supporting memorandum of law. *See* M.D. Fla. R. 6.01, 6.02(a)(1). Plaintiff's conclusory assertions, even if true, do not demonstrate a likelihood of success on the merits of his claim or that he faces irreparable injury.

Moreover, inmates do not have a constitutional right to be housed at a particular penal institution. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Barfield v. Brierton*, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another."). And an order directing prison officials that they may not violate an inmate's constitutional rights would not satisfy Rule 65's specificity requirement. *See* Fed. R. Civ. P. 65(d)(1) (requiring an order granting injunctive relief to "state its terms specifically and describe in reasonable detail . . . the act or acts restrained or required" (internal punctuation and numbering omitted)). *See also Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding the district court "correctly determined that an injunction ordering the City not to discriminate in [the] future . . . would not satisfy the specificity requirements of the Federal Rules of Civil Procedure"). Plaintiff may initiate a new civil rights case if he believes

officers have violated his constitutional rights since he initiated this and other litigation.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for emergency protection (Doc. 30) is **DENIED**.

2. Plaintiff's motion for temporary restraining order and injunction (Doc. 31) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of January 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Richard Harris